# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
2/3/2021 2:07 PM
Steven D. Grierson
CLERK OF THE COURT

1    **COMP**
     STEVEN M. ROGERS, ESQ.
2    Nevada Bar No. 10975
3    **HICKS & BRASIER, PLLC**
     2630 S. Jones Blvd.
4    Las Vegas, Nevada 89146
5    Phone: (702) 628-9888
     Fax: (702) 960-4118
6    E-Mail: srogers@lvattorneys.com
     *Attorney for Plaintiff*
7

CASE NO: A-21-828851-C
Department 4

8                          **DISTRICT COURT**
9
                       **CLARK COUNTY, NEVADA**
10

11   ROCIO JIMENEZ, individually,        )    CASE NO.:
                                          )    DEPT. NO.:
12                  Plaintiff,            )
                                          )    **COMPLAINT**
13   vs.                                  )
                                          )
14                                        )
     SMITH'S FOOD & DRUG CENTERS,         )
15   INC.; DOES 1-20 and ROE BUSINESS     )
     ENTITIES 1-20, inclusive,            )
16                                        )
                                          )
17                  Defendants.           )
     _____ )

18          Plaintiff, ROCIO JIMENEZ, by and through her counsel, STEVEN M. ROGERS, ESQ.

19   of HICKS & BRASIER, PLLC, complains and alleges as follows:

20                        **GENERAL ALLEGATIONS**

21          1.      That Plaintiff ROCIO JIMENEZ (hereinafter "Plaintiff") is, and at all times

22   mentioned herein was, a resident of the County of Clark, State of Nevada.

23          2.      That Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter

24   referred to as "SMITH'S"), was and is a foreign corporation operating in the County of Clark,

25   State of Nevada.

26          3.      The actions complained of herein took place in Clark County, Nevada.

27          4.      That Defendant SMITH'S FOOD & DRUG CENTERS, INC.; or Defendants

28   DOES 1-6 or ROE BUSINESS ENTITIES 1-6 are other owners or operators of the property

                                          1

located in at approximately 3160 N. Rainbow Blvd., Las Vegas, NV 89108, and at all times mentioned herein was, a Nevada corporation or other business entity, licensed to do business in the County of Clark, State of Nevada.

5.    That Defendant SMITH'S FOOD & DRUG CENTERS, INC.; or Defendants DOES 7-10 and ROE BUSINESS ENTITES 7-10 are the managers or controllers of common areas of the Property.

6.    That Defendant SMITH'S FOOD & DRUG CENTERS, INC.; or Defendants DOES 11-15 and ROE BUSINESS ENTITIES 11-15 are the designers and maintenance providers for the Property.

7.    That Defendant SMITH'S FOOD & DRUG CENTERS, INC.; or Defendants DOES 16-20 and ROE BUSINESS ENTITIES 16-20 are the construction companies, sub-contractors, vendors, inspectors or other persons responsible for the installation and construction of the area on the Property where the subject incident occurred.

8.    That the true names and capacities of the remaining Defendants designated herein as Doe or Roe Business Entities are presently unknown at this time to Plaintiff, who therefore sues said Defendants by such fictitious names — these entities would specifically include owners associations presently unknown.  When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

9.    That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

10.    On, or about, May 7, 2019, Plaintiff ROCIO JIMENEZ was an invitee of Defendant at the SMITH'S FOOD & DRUG CENTERS, INC., located at 3160 N. Rainbow Blvd., Las Vegas, NV 89108 (hereafter the "Property").

2

11.     Defendant maintained and were in control of the Property.

12.     While visiting the Property, Plaintiff ROCIO JIMENEZ slipped and fell on the Property (hereafter the "dangerous condition").

13.     Defendants knew or should have known of the dangerous condition and/or created dangerous condition.

14.     Defendants should have made the dangerous condition safe because that condition was non-obvious to Plaintiff.

15.     Defendants should have warned Plaintiff of the dangerous condition.

16.     Defendants negligently, carelessly, and recklessly maintained, constructed and allowed the dangerous condition to exist.

## FIRST CAUSE OF ACTION

17.     Plaintiff incorporates paragraphs 1 through 16 of the Complaint as if those paragraphs were fully incorporated herein.

18.     Defendants owed Plaintiff a duty of care to warn Plaintiff of the dangerous condition, or to remedy the dangerous condition.

19.     Defendants breached this duty of care by failing to warn Plaintiff of the dangerous condition, or by failing to remedy the dangerous condition.

20.     Defendants' negligence directly and proximately caused Plaintiff serious injury.

21.     As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained in the fall, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.

22.     As a direct and proximate result of the negligence of Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

23.     As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain recreational activities, which have caused, and shall continue to cause, physical impairment, mental anguish, and loss of enjoyment of life.

24.     Plaintiff has been required to engage the services of an attorney, incurring

3

attorneys' fees and costs to bring this action.

WHEREFORE, Plaintiff expressly reserving the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1.  For general damages in an amount in excess of $15,000.00;

2.  For special damages in an amount in excess of $15,000.00;

3.  For reasonable attorneys' fees and costs;

4.  For interest at the statutory rate; and

5.  For such other relief as the Court deems just and proper.

DATED THIS 3rd day of February, 2021.

**HICKS & BRASIER, PLLC**

_/s/ Steven M. Rogers_
STEVEN M. ROGERS, ESQ.
Nevada Bar No. 10975
2630 S. Jones Blvd.
Las Vegas, Nevada 89146
_Attorneys for Plaintiff_

4

1
2
3
4
5

**AFFT**
Hicks & Brasier, PLLC
Steven M. Rogers, Esq.
2630 S. Jones Blvd.
Las Vegas , NV 89146
State Bar No.: 10975
Attorney(s) for: Plaintiff(s)

**Electronically Filed**
2/11/2021 9:32 AM
Steven D. Grierson
CLERK OF THE COURT

6
7

## DISTRICT COURT
## CLARK COUNTY, NEVADA

8
9
10
11
12
13
14

Rocio Jimenez, individually
                            vs
Smith's Food & Drug Centers, inc; et al

*Plaintiff(s)*

*Defendant(s)*

Case No.: A-21-828851-C
Dept. No.: 4

Date:
Time:

AFFIDAVIT OF SERVICE

15
16
17
18
19
20
21
22
23
24

I, **Cindy Lee Arnold**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and not a party to or interested in the proceeding in which this affidavit is made.  The affiant received **1** copy(ies) of the: **Summons; Complaint** on the **9th** day of **February**, **2021** and served the same on the **9th** day of **February**, **2021** at **1:03PM** by serving the **Defendant**,  **Smith's Food & Drug Centers, inc** by personally delivering and leaving a copy at **Corporation Service Company, 112 N. Curry St., Carson City, NV 89703** with  **Kris Osborne, Administrative Assistant** pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the registered agent as shown on the current certificate of designation filed with the Secretary of State.

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

31
32
33
34
35
36

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct. Executed on this 10th day of February, 2021.

Cindy Lee Arnold # R-2020-12596
**Legal Process Service**      License # 604
WorkOrderNo 2100944

197

Electronically Filed
3/2/2021 4:20 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **ANSC**
  | JERRY S. BUSBY
2 | Nevada Bar #001107
  | GREGORY A. KRAEMER
3 | Nevada Bar #010911
  | COOPER LEVENSON, P.A.
4 | 3016 West Charleston Boulevard - #195
  | Las Vegas, Nevada 89102
5 | (702) 366-1125
  | FAX: (702) 366-1857
6 | jbusby@cooperlevenson.com
  | gkraemer@cooperlevenson.com
7 | Attorneys for Defendant
  | SMITH'S FOOD & DRUG CENTERS, INC.
8 |

9 | **DISTRICT COURT**

10 | **CLARK COUNTY, NEVADA**

11 | ROCIO JIMENEZ, individually,

CASE NO.: A-21-828851-C
DEPT NO.: IV

12 | Plaintiff,

13 | vs.

14 | SMITH'S FOOD & DRUG CENTERS, INC.;
   | DOES 1-20 and ROE BUSINESS ENTITIES
15 | 1-20, inclusive,

**DEFENDANT SMITH'S FOOD & DRUG
CENTERS, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT**

16 | Defendants.

17 | COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its

18 | attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby

19 | answers Plaintiff's Complaint on file herein as follows:

20 | **I.**

21 | This answering Defendant states that it does not have sufficient knowledge or information

22 | upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 3, 5, 6, 7, 8,

23 | 9, 10 and 12 of that portion of Plaintiff's Complaint entitled "**GENERAL ALLEGATIONS**" and

24 | upon said ground, denies each and every allegation contained therein.

25 | **II.**

26 | This answering Defendant admits the allegations contained in Paragraph 2 of that portion of

27 | Plaintiff's Complaint entitled "**GENERAL ALLEGATIONS**".

28 | / / /

CLAC 6210139.1

**III.**

In response to Paragraph 4 of that portion of Plaintiff's Complaint entitled "**GENERAL ALLEGATIONS**", this answering Defendant admits that it owns and operates the SMITH'S store located in at approximately 3160 N. Rainbow Blvd., Las Vegas, NV 89108 and is a foreign corporation licensed to do business in the County of Clark, State of Nevada. This answering Defendant denies any remaining allegations contained in said Paragraph.

**IV.**

In response to Paragraph 11 of that portion of Plaintiff's Complaint entitled "**GENERAL ALLEGATIONS**", this answering Defendant admits that it maintained and was in control of the SMITH'S store and denies any remaining allegations contained in said Paragraph.

**V.**

Paragraphs 13, 14 and 15 of that portion of Plaintiff's Complaint entitled "**GENERAL ALLEGATIONS**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

**VI.**

This answering Defendant denies each and every allegation contained in Paragraph 16 of that portion of Plaintiff's Complaint entitled "**GENERAL ALLEGATIONS**".

**VII.**

This answering Defendant, in response to Paragraph 17 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**VIII.**

Paragraph 18 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**IX.**

This answering Defendant denies each and every allegation contained in Paragraphs 19, 20, 21, 22, 23 and 24 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**".

CLAC 6210139.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

Dated this 2nd day of March, 2021.

COOPER LEVENSON, P.A.


By   /s/ Jerry S. Busby
    Jerry S. Busby
    Nevada Bar No. 001107
    Gregory A. Kraemer
    Nevada Bar No. 010911
    3016 West Charleston Boulevard - #195
    Las Vegas, Nevada  89102
    Attorneys for Defendant
    SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 6210139.1

3

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 2nd day of March, 2021, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Steven M. Rogers, Esq.
HICKS & BRASIER, PLLC
2630 South Jones Boulevard
Las Vegas, NV 89146
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

4

CLAC 6210139.1

Electronically Filed
3/3/2021 12:07 PM
Steven D. Grierson
CLERK OF THE COURT

1  **REA**
   STEVEN M. ROGERS, ESQ.
2  Nevada Bar No. 10975
3  **HICKS & BRASIER, PLLC**
   2630 S. Jones Blvd.
4  Las Vegas, Nevada 89146
   Phone: (702) 628-9888
5  Fax: (702) 960-4118
6  E-Mail: srogers@lvattorneys.com
   *Attorney for Plaintiff*
7

8                          **DISTRICT COURT**

9                       **CLARK COUNTY, NEVADA**

10

11  ROCIO JIMENEZ, individually,            )   CASE NO.:  A-21-828851-C
                                            )   DEPT. NO.: 4
12                Plaintiff,                 )
                                            )
13  vs.                                     )
                                            )
14                                          )
    SMITH'S FOOD & DRUG CENTERS,            )
15  INC.; DOES 1-20 and ROE BUSINESS        )
    ENTITIES 1-20, inclusive,              )
16                                          )
                                            )
17                Defendants.               )
    _____)

18

19          **REQUEST FOR EXEMPTION FROM ARBITRATION**

20          Plaintiff, ROCIO JIMENEZ, by and through her attorney, STEVEN M. ROGERS,

21  ESQ. of the law office of HICKS & BRASIER, PLLC, hereby request the above entitled

22  matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this

23  case:

24      1.   _____        presents a significant issue of public policy;

25      2.   ___X___        involves an amount in excess of $50,000, exclusive of interest

26                          and costs;

27      3.   _____        presents unusual circumstances which constitute good cause

28                          for removal from the program.

                                      1

## I.    PROCEDURAL BACKGROUND

On February 3, 2020, Plaintiff filed a Complaint against Defendant SMITH'S FOOD & DRUG CENTERS in the Eighth Judicial District Court. On March 2, 2021, Defendant filed an Answer to the Complaint.  The filing of Plaintiff's arbitration exemption request is timely and in accordance with Nevada Arbitration Rule 5(A).

## II.    FACTUAL BACKGROUND

This personal injury action is a result of a slip and fall incident that occurred on May 7, 2019. Plaintiff was an invitee to Smith's Food & Drug Centers when she slipped and fell at the property.  Due to the subject incident, Plaintiff suffered the following injuries:

1.    Accentuation of the curvature is noted above

2.    Mild disc space height narrowing and moderate spondylosis throughout the thoracic spine

3.    Straightening of the lordotic curvature

4.    Disc space height narrowing and spondylosis of the cervical spine as noted above

5.    Mild compression deformity of the superior endplate of C7. Please correlate clinically

6.    In neutral position there is 2 mm retrolisthesis of C4 on C5, and 2 mm anterior spondylolisthesis of C7 on Tl.

7.    With flexion there is 2 mm anterior spondylolisthesis of C7 on Tl.

8.    With extension there is 3 mm retrolisthesis of C4 on C5

9.    S 1 is partially lumbarized

10.    Mild spondylosis throughout the lumbar spine

11.    Accentuation of the curvature to the left

Plaintiff underwent the following procedures:

**-Coccygeal injection with fluoroscopic guidance**

**-Lumbar Transforaminal Epidural Injection Under Fluoroscopic Guidance**

**-Cervical Transforaminal Epidural Injections- C4-5 levels**

2

Due to these injuries, Ms. Jimenez incurred the following expenses:

| MEDICAL PROVIDERS | AMOUNT |
|---|---|
| 1.  Southern Nevada Medical Group | $1,975.00 |
| 2.  Core Rehab | $5,666.00 |
| 3.  PayLater Pharmacy | $747.00 |
| 4.  Las Vegas Radiology | $950.00 |
| 5.  Pueblo Medical Imaging | $3,300.00 |
| 6.  Valley Pain & Injury Specialists | $7,150.00 |
| 7.  Seven Hills Surgery | $5,750.00 |
| 8.  Valley Anesthesiology Consultants | $2,600.00 |
| 9.  Las Vegas Pharmacy | $552.42 |
| 10. William Muir, M.D. | $43,000.00 |
| 11. Leo Germin, M.D. | $5,180.00 |
| 12. Anesthesia and Intensive Care | $4,500.00 |
| **Total** | **$81,370.42** |

## III.     CONCLUSION

Plaintiff requests that this matter be exempt from arbitration as the damages sustained by Plaintiff exceed $50,000.00.

Pursuant to NRCP 11, I hereby certify this case to be within the exemption marked above and I am aware of the sanctions that may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED THIS  3rd  day of March, 2021.

HICKS & BRASIER, PLLC

_____/s/ Steven M. Rogers_____
STEVEN M. ROGERS, ESQ.
Nevada Bar No. 10975
2630 S. Jones Blvd.
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

3

1

## **CERTIFICATE OF ELECTRONIC SERVICE**

2

Pursuant to NRCP 5, EDCR 7.26(a) and NEFCR 9, I hereby certify that I am an

3

employee of HICKS & BRASIER, PLLC, and on the __3rd__ day of March, 2021, I served a

4

true and correct copy of the **REQUEST FOR EXEMPTION FROM ARBITRATION**, via

5

Nevada Clark County Court's e-service system to the following:

6

7

Jerry S. Busby, Esq.
Gregory A. Kraemer

8

Cooper Levenson, P.A.

9

3016 W. Charleston Blvd., #195
Las Vegas, NV 89102

10

*Attorney for Defendant*

11

12

___*/s/ Claudia Corral*_____
An employee of HICKS & BRASIER PLLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Electronically Filed
3/24/2021 11:38 AM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

## DISTRICT COURT

## CLARK COUNTY, NEVADA

Rocio Jimenez, Plaintiff(s)

vs.

Smith's Food & Drug Centers Inc,

Defendant(s)

CASE NO: A-21-828851-C
DEPT. NO: IV

### COMMISSIONER'S  DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: March 03, 2021

EXEMPTION FILED BY: Plaintiff                    OPPOSITION: No

### DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this 24th of March, 2021.

_____
ADR COMMISSIONER

1

## NOTICE

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on _____, 2021.

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____, 2021.

/s/   Loretta Walker
        ADR COMMISSIONER'S DESIGNEE

2

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT